Thank you. Good morning. May it please the Court, my name is Peter Ashman. I am the attorney for the appellant Delatorre-Solis. First, I want to thank the Court for their generous accommodation by allowing me to appear telephonically today and please know that I would have loved to have been in San Francisco with you this day. Mr. Delatorre was a long-time permanent resident of the United States who pled guilty to mayhem in the state court in Las Vegas, Nevada in December of 2000. He received a suspended sentence of 48 months and placed on probation for 3 years. Based on this conviction, Mr. Delatorre was ordered removed on January 28, 2003. The following February of 2004, a judge of competent jurisdiction here in Nevada vacated this original conviction and allowed Mr. Delatorre to withdraw the guilty plea for mayhem and instead entered a plea of guilty to conspiracy to commit mayhem, which is a gross misdemeanor. Let me interrupt you. This is Judge Bea in San Francisco. You agree that the withdrawal of the plea and the permission to plea to the lesser count, which was a misdemeanor of conspiracy to commit mayhem, was not because of any error found in the original proceedings, which resulted in the guilty plea to felony, true? Well, Your Honor, I can't really say one way or another. There's nothing in the record that would conclude that it was or that it wasn't. Well, nothing in the record. There's a pre-sentencing or probation sentence report which relates a plea agreement which says that if he does his probation correctly, he'll be allowed to plea to the misdemeanor. Isn't that in the record? Well, Your Honor, it is in the administrative record. It's in the administrative record. So what we have is a plea agreement that is being proved by secondary sources to wit the pre-sentence, the PSR, whatever it's called, the pre-sentence report. What's wrong with that? Well, Your Honor, first of all, any plea agreement that's entered into under Nevada law is not part of the court record of the record of conviction, and it's certainly not binding upon the state court judge when he receives that. He has the option of discarding that or following that or doing whatever he wants with it. Well, yes, but the issue is was this change of plea caused by some error in the court or some executive clemency or something other than a plea agreement which said if he performs his probation properly, we'll consider him to be rehabilitated and allow him to withdraw his plea and enter a different plea. It happens all the time in California under 1203.4 of the penal code. Well, Your Honor, the distinction between 1204.3 is clear. In 1204.3, the person walks away with an expungement. That's right. But here in Nevada, they don't go the whole boat. They just give you a reduction from felony to misdemeanor if you perform your probation well. The issue I see, and the only issue in this case, is are we bound to adopt what in Taylor versus the United States and Shepard versus the United States is called the documents of conviction approach and limit ourselves solely to the documents of conviction in the question of the categorical approach and the modified categorical approach, or is this an issue of administrative law as to whether the plea agreement can be proven by use of secondary sources to wit the PSR? Well, I would argue that the first, Your Honor, I mean, we have a judge of competent jurisdiction sitting in Nevada, and if in fact he relied upon the original plea agreement. Do you have any cases which say that in determining, I think it's under Section 240C3B, are the records of conviction mentioned in 240C3B of the Immigration Act cited in any case, or is there any case citing Taylor and Shepard saying when we talk about record of conviction in 240C3B, we mean the same record of conviction that was used in Taylor and Shepard? Your Honor, I am not aware of those. I see two different things there. I see the interpretation of the Taylor and the Shepard case. What we're dealing with is what did the defendant admit to? What did he admit he did? And under 240C3B, we're trying to find out what the government did to this person. The government in this case being the state of Nevada. What did it agree to? In this case, it's very clear that it agreed to a reduction from felony to misdemeanor on performance of probation. But the question is, can that fact be proven in an administrative procedure by the PSR, which is a hearsay document? I believe I understand what the Court's asking. I don't have an answer for the Court on that. I, again, would... It's a novel issue. Yeah, I tend to agree. I guess I was prepared today to come in to distinguish an expungement or some sort of change on the record based upon a state rehabilitative statute by pointing out that Nevada has neither an expungement statute. It has a sealing of records statute, but obviously that's not what happened here. And we have also a proceeding whereas at the discharge of probation, sometime thereafter, a person can go back in and petition for restoration of their civil rights. That's Nevada's rehabilitation statute, and that wasn't applicable here. And all we have left is a judge that originally convicted this gentleman, his withdrawal of that plea or his allowance of the withdrawal of that plea, and the substitution of a misdemeanor plea. And when we made the motion to reopen in this case, this gentleman, in our estimation, stood convicted of a misdemeanor, not of a felony. Well, your case would be better if he hadn't given him the maximum sentence of 48 months and three years' probation. Obviously, this judge gave that kind of a sentence to hold it over the man's head so he would do his probation right. And when he did his probation right, he fulfilled the plea agreement and let him plead guilty to a misdemeanor. But we have in this circuit the case of Murillo, which says that regardless of a later modification as to the record, a conviction of a felony is a conviction. That's the one you've got to get over. Mr. Ashman, could I ask you a question? This is Judge Noonan. I want to be precise as to what we're reviewing. You moved to reopen. The board denied it. Then you moved for reconsideration, and the board denied it. Is that correct? Well, that's correct, Your Honor. All right. So we're reviewing the denial of the motion for reconsideration. No, sir. Actually, after the reconsideration was denied, and it was denied based on the fact that there had been no fees paid, there was a final motion to reopen that was granted. The board did reopen the case. I'm sorry. They did accept the motion, but then they declined to reopen the case for substantive reasons, which are what I'm discussing here. If I may, I would like to reserve a moment. Will you tell me exactly what we are reviewing? We're reviewing the decision of the board not to reopen the case to consider the vacation of the earlier sentence. But since they already decided that once, aren't we focusing on a decision not to reconsider? Well, again, after they decided not to reconsider, then they did decide to consider whether or not to reopen. I know it's a little confusing, but the last thing that was filed with the court was a request for them to reopen. Now, let me ask you this. The request to reopen was premised upon the document introduced of resentencing? Yes, sir. Was that document of resentencing before the BIA prior to that time? No, sir. In other words, had you filed timely and had you filed your fee and so on, it was an appropriate subject for reopening, assuming that the document did as you said that it did, that is to say it was not an expungement but rather a withdrawal. I apologize. I misspoke. Yes, the second amended judgment was rendered prior to the first motion and a timely motion to reopen, which was submitted apparently without that motion attached. Now, you're running over time, but don't be nervous about that. So long as we've got questions, it's our problem and not yours. Let me ask you the following. I'm trying to figure out what the meaning of the judge's decision on the 5th of February, 2004. He comes in for a hearing for a violation of probation. Correct. The judge reinstates probation, and he also does what he calls second amendment judgment of conviction. He does a different sentence. Now, I'm looking at the original judgment of conviction, unpursuant of the plea of guilty, which is on AR-174. That judgment is entered on October 16, 2002. And the sentence is, Imprisonment suspended, probation for an indeterminate period not to exceed 3 years. Now, 3 years from October 16, 2002 is, of course, 2005. At the time the judge puts in the new sentence, we are in February of 2004. And it strikes me that it is very improbable that in 2004, February, only a year and a half into the probation, he's done anything other than reinstate the conditions of probation. I do not see anything in his order on February of 2004 that says you have fulfilled the conditions of your probation. He's simply reinstating it with the additional condition that there be cooperation with immigration. Therefore, I don't see how this cost possibly could be construed as an expungement. Yeah, I would agree. There's nothing in the record that shows that he ever completed successfully his probation other than the passage of time. But I would take the position that that could be coincidental. And the dates that I've just given you suggest that he had another year and a half to run on his probation at the time that the new sentence is entered. Correct, Your Honor. Okay. Well, let's hear from the government, and we'll give you a chance to respond. Thank you. Good morning, Your Honors. May it please the Court, and I will ask Alicia Morris to respond. Now, talk slowly, clearly, loudly. Thank you. Hi, Peter. This is to answer Judge Noonan's question. It's the denial. Let's see. He filed a motion to reopen, a motion for reconsideration, and we are now reviewing the Board's decision to accept the motion by certification. And the motion was, I'm no longer convicted of this. And it is, while I would be very remiss in not citing math to this Court in this situation, which puts the burden of proof on the Board to say, to prove that he is no longer, that he continues to be removable. However, there are two problems with this. One, as Judge Fletcher pointed out, this is not conclusive. The document he presents to prove that he is no longer removable is inconclusive. We don't know what he's done. It's inconclusive in one sense. We know that he has now been sentenced to something that, if this were the original sentence, would not be a removable offense. Yes. That much we know. But here's the tricky part. Although this Court has put the burden on DHS to prove that he is still removable, the standard still is abusive discretion and substantial evidence. Yeah. Let me ask you this, though. Okay. Let me see how much we are in agreement on, and then we can figure out what we might be in disagreement on. My understanding of the law is that if a court, for its own reason, that's not pursuant to an expungement statute, just decides to resentence somebody, and indeed, the reason may well be I want to resentence you because the earlier sentence I gave you is so harsh that it puts it into a felony category, and I want to give you a lighter sentence so it will take it out of the felony category so you won't be removable, that does not count as an expungement. Am I right on that? That's correct, Your Honor. So if this is truly just a change of sentence because the judge here in Nevada in 2004 wanted to avoid the harsh immigration consequences, that's exactly what he did, correct? So long as it's not an expungement. He's – well, even a change of sentence does not – Well, sometimes I shouldn't say change of sentence. Sometimes you reduce the sentence, it does that. Sometimes change of conviction, which he did here. This is a different conviction. So if I'm right that the reason, and I'm not asking you to concede if I'm right on this point, but if I'm right that what the Nevada trial judge was doing in February of 2004 was entering a new conviction, now a misdemeanor conviction, and the reason he was doing it was he was trying to help this man avoid removal, that's okay. Is that right? Not necessarily, Your Honor, because we have here, first of all, we have your case in math with the burden of proof, but we also have a recent decision with Chavez Martinez, which I gave Mr. Ashman this morning, and you'll have copies of it, in which What's the date of that decision? It's August of 2007. Okay. But there's been movement on that one, too, in which the board specifically shifted the burden of proof to the Petitioner to show that this affected his removability and not to the agency. I'm not sure I'm getting an answer to my question. I think I know the answer, and I think the answer, at least so far as I've gotten, is favorable to the Petitioner, that is to say, let me state it clearly to make sure that you and I are on the same page. A State court judge may change the conviction or change the sentence to make either one of them lighter if and if the effect of that change is to have the new conviction or the new sentence make this sentence a non-removable offense. That just turns it into a non-removable offense, even if the motivation by that judge was to avoid the harsh immigration consequences. As long as it's not an expungement, that doesn't the judge can do that. Is that right? No, because it's pursuant to rehabilitative goals. No, I didn't say pursuant. I said nothing to do with rehabilitation. The judge says, I don't think you're rehabilitated at all, or you haven't shown to me that you're rehabilitated, but I don't think you should be deported. Therefore, I'm changing the sentence. Nevertheless. What happens then? Is the new sentence the sentence that we look to for deportability, or is the old sentence the one we look to? Well, first of all, it depends on the stage of proceedings. But here, what we have, it doesn't necessarily have to be rehabilitative, but it is only considered vacated for immigration purposes if there was a constitutional defect in the sentencing, and then it becomes not current time. I think you're misstating the law. Certainly a constitutional change will do it. But as I understand the law, in fact, there's a fair amount of case law on the point, that if the State court judge changes the sentence, not because of rehabilitation, not because of expungement, but just because he changes the sentence, that changes the consequence. Am I wrong on that? I think there's case law. Well, I think Murillo, are you saying that Murillo's only applies to expungements? What? I'm sorry? That Murillo only applies to expungements? I didn't hear. What applies only to expungements? Murillo. Murillo. Well, that's not the case I'm talking about. Which one is, please, Your Honor? Hang on a second. You know, you came through very clearly that last time. Oh, I should do that. Why don't you keep it up that way? Articulation and the other one. It helps. Well, in this case, let me discuss, distinguish from Nath a little bit. In this case, proceedings had been completed. He was within his time to move to reopen the first time. In Nath, immigration proceedings were going on. He hadn't had his hearing. He went to the immigration judge and he said, my removability is not established because I've now been convicted of a misdemeanor. And the Court accepted that. In this case, the removability was established. He conceded removability. And then after the proceedings were over, after he had his hearing before the board, the immigration judge and the board, then he goes to the court and he says, he asks for an adjustment of the sentence. And the interesting part here is normally I would say to establish removability, no, you cannot rely on a pre-sentence report. However, on reopening, when you're revisiting the issue and when the order perfectly tallies with a pre-sentence report, it's clearly a rehabilitative action. Because it is pursuant with the report that says once you've completed this, we're going to let you withdraw your plea. You said that normally you can't rely on a pre-sentence report. Why is that? Well, it's not to establish a conviction, to establish removability. And you look to documents under Taylor. You mean under the modified categorical approach because it's not a document of conviction. Right. Exactly. But on reopening, you can. On reopening, there's a. And why is that? Because the board can consider within its discretion. This is not a hard fact. They are looking for reopening. The burden is Petitioner's on reopening. And reopening is disfavored. So the board can look at other things, again, not to establish the initial eligibility or removability, but can rely on the pre-sentence report to say, look at this and look at what was promised if he finished and look at what he got. It doesn't establish that he was convicted. Are you saying that when the burden of proof shifts, evidence becomes admissible, it wasn't otherwise? No. It's when what is being proved shifts. He has he is not saying I'm not convicted. He's saying I'm convicted differently. At that point, he's not challenging the fact of convicted under the categorical approach. You cannot use a PSR to establish that there was a conviction. But when you have a PSR that perfectly is perfectly tailored to the adjusted sentence, on reopening, you can consider what the adjustment of sentence was for because you're looking for something else, not the basic removability, which is entirely the government's burden and cannot be based on a PSR. Let me get back to you with the case I had in mind. It is the BIA decision, and we've got something on top of it, but I'm content with the BIA decision, matter of Cota-Vargas. Are you familiar with that case? Yes. Yes. And I'll just read to you from Cota-Vargas. It dealt with California, but the principle I think is applicable here. The Board writes, Whether the California trial court's order reducing his sentence from 365 to 240 days, non pro tunk precludes the underlying conviction for receipt of stolen property from qualifying as aggravated felony conviction, where the evidence reflects that the sentence was reduced solely for the purpose of effecting the immigration consequence condition, does not correspond to any substantive or procedural defect in the judgment. That was the question. Yes. And they said if the judgment is changed for that purpose, that the new conviction is what counts for purposes of removal. Isn't that right? Yes, Your Honor. Am I reading that case correctly? Yes, Your Honor. That was the question I was trying very hard to ask you, and you kept saying I was wrong. But now that we got that point straight, you've got to show that somehow this new conviction, the misdemeanor conviction, was entered pursuant to rehabilitation or expungement, correct? Yes. Okay. What my problem is, is the dates. He's sentenced to a sentence that has three years of probation. He comes back into court on an asserted probation violation a year and a half later. The judge reinstates the probation and changes the sentence. I cannot see how that could be an expungement or a rehabilitation upon successful completion of probation, because he's got another year and a half to run. Well, then, Your Honor, that's the problem. Petitioner hasn't shown us what it's for, and there are two problems here. It's pretty clear that it's not expungement. It's not an expungement. And it's pretty clear it's not rehabilitation. But this is a second amended order. We've never seen the first. But if it's not – if we know it's not expungement and we know it's not rehabilitation, so what is it? Or at that point, whose burden of proof is to show this, to say I'm willing to take this for what it purports to be, it's a Second Amendment judgment of conviction. So say it's a new conviction. Boom. And we look at this, because it's clearly not an expungement. Absolutely, Your Honor. However, again, as we said in our brief, the problem is there wasn't two intervening events. One, there was a first amended conviction. And we don't know what that says, because Petitioner never provided it. And two, the fact is – Yeah. Well, let me read to you the BIA order. The BIA in denying the motion to reopen says, Thus, it is apparent that the Second Amendment judgment is a result of Respondent's successful completion of the conditions of probation. That strikes me as wrong. Do you agree that that's wrong? I cannot say, again, because the record is incomplete. We don't – there were two – as I said, there were two intervening events. There was a – Now, let me make sure that you and I are on the same page again. He had probation of three years. A year and a half in, when he comes back into court on a hearing for violation of probation, the judge, quote, reinstates the probation, adds a condition of probation that he cooperate with immigration authorities, and he changes the sentence. How can that possibly be a change as a result of his successful completion of the conditions of probation? Because, again, it's in response to the fact that it is completely tailored to the PSR. It is also the – Well, it's not tailored to the PSR, because the PSR says you can do it when you successfully complete probation. And he did it earlier here. Yes. Is there any indication in the Second Amendment judgment that the conditions of probation have been changed? No. I'm sorry. To cut it short from three years to one and a half years? That may have been the First Amendment judgment. That's the problem. We don't have that. We don't have that in the record. And it was asked for several times. And he kept saying, I will bring it. And he never did. We have that. We also have the fact that there was a parole violation. And we have no information on that, except that's on the face of the order. Although, I have to say that your suggestion that that – since this is the second, I guess there must have been a first. Thank you. Might has shortened the conditions of probation doesn't make any sense, given what the judgment says for the Second Amendment. He says he came in on a probation violation. That suggests that the probation is still in effect. Exactly. So it's not been terminated. But that's the problem. And he says in this 2004 order, probation is reinstated. Okay. That sounds to me as though you're still on probation, Doug. For three years. Yes. And we're only a year and a half in. And there's still a possibility that you can be sentenced and sent to jail if you don't complete this probation. But he has not carried his burden of proof, because we don't have the First Amendment opinion. We don't know what the – what was in it and what the requirements were. Has he not proved to show that his judgment, he was allowed to plead guilty to a misdemeanor for reasons other than completion of his three-year probation? He's shown, hasn't he? Well, he hasn't completed his three-year probation. I've been allowed to plead guilty to a misdemeanor. What elements hasn't he shown? He hasn't shown, again, there's no expungement, but again, he has not shown that it is not – was not pursuant to a rehabilitative. Negative. Not really, because again, I wouldn't be making this argument if I hadn't – if I had seen the First Amendment complaint. All the circumstantial evidence that Judge Fletcher has developed is that probation continued. He couldn't have completed it successfully because it was continued. Again, we don't know what the deal was for the First Amendment complaint, because we have no idea what it said. If probation was reinstated, on that day he was in probation. It couldn't have been successfully shortened. Okay. The record lies here. I would say there is sufficient evidence to sustain that he was reinstated. Okay. Now, we're out of time. If you have a sentence you want to wrap up, we're happy to hear it. Thank you, Your Honor. Well, actually, I would say that on these – on the third motion to reopen, this evidence – this evidence was sufficient to continue to support his removability, and there is nothing to contradict that. Okay. Thank you. We've allowed the government to run over. Mr. Ashman, do you have anything to say in response? Mr. Ashman, are you still with us? Go on. Okay. Well, tell Mr. Ashman that he made a very successful argument and that we're sorry that he's missed his rebuttal time, but I'm afraid that's the way it is. Oh? Oh, Mr. Ashman, there you are. Okay. I'm sorry. I think it was on that end that there was a mute button hit or anything. Just really, really briefly. Okay. Counsel for the government indicated that in NAF, the government bears the responsibility of showing why the case was subsequently changed. I don't think they did that. I don't think they can do that. And I think we should have an order requiring that the board reopen this case so that we can either terminate or pursue relief under Section 248. And I would thank the court for its time and wish you all a good day. Thank you very much. This case is now submitted for decision. Dellatorre v. Solis v. McKasey is now submitted for decision. The next case on the argument calendar is LIE.
judges: Noonan, W. Fletcher, Bea